IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-60041 (DRJ) |
| | § | |
| BUCCANEER RESOURCES, LLC, *et al.*, | § | |
| | § | |
| Debtors. | § | Chapter 11 |

| | | |
|---|---|---|
| MERIDIAN CAPITAL INTERNATIONAL FUND, MERIDIAN CAPITAL CIS FUND, FRED M. TRESCA, RANDY A. BATES, AND BRANTA II, LLC, | § § § § § | |
| Appellants/Cross-Appellees, | § § | CIV. ACT. NO. 6:16-CV-00039 (CONSOLIDATED WITH 6:16-CV-00053) |
| v. | § § | |
| CURTIS BURTON, | § § | |
| Appellee/Cross-Appellant. | § | |

**APPELLEE/CROSS-APPELLANT CURTIS BURTON'S RESPONSE TO THE
SUPPLEMENTAL AUTHORITIES FILED BY APPELLANTS/CROSS-APPELLEES**

TO THE HONORABLE HAYDEN HEAD, UNITED STATES DISTRICT JUDGE:

Appellee/Cross-Appellant Curtis Burton ("Burton") hereby files this brief response to the post-hearing supplemental authorities filed by Appellants/Cross-Appellees Meridian Capital International Fund, Meridian Capital CIS Fund (together, "Meridian"), Fred M. Tresca ("Tesca"), Randy A. Bates ("Bates"), and Branta II, LLC ("Branta"). In support of such response, Burton respectfully states as follows:

### I.   APPLICABLE LAW: DIRECT VS. DERIVATIVE CLAIMS

1.   "Whether a particular state-law claim belongs to the bankruptcy estate depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case." *Highland Capital Mgmt. LP v Chesapeake Energy Corp. (In re Seven Seas Petroleum,*

*Inc.),* 522 F.3d 575, 584 (5th Cir. 2008).  In the instant case Buccaneer Energy Limited ("Buccaneer") had claims of its own against third-party lender Meridian (which were settled), but Buccaneer never had any right to sue Meridian for Curtis Burton's damages arising from Meridian's interference with Burton's employment contract.  No one except Curtis Burton has standing to sue for losses in connection with his employment contract.

2. "…[T]he trustee has no right to bring claims that belong solely to the estate's creditors." *Id*. at 584.  The damages for interference with Curtis Burton's employment contract are unique to him, and a recovery of those losses cannot benefit the estate by a single penny, under any legal theory at all.  The Debtors will never be entitled to claim any right to any such recovery for the benefit of all the creditors, or for anyone other than Curtis Burton.  This was not a generalized harm that affected all creditors. Burton's injury is "…distinct and separate from the injury of all the other shareholders…". *In re Dexterity Surgical, Inc.,* 365 B.R. 690, 698 (Bankr. S.D. Tex. 2007).  Curtis Burton suffered losses that are "…different than those borne by all the shareholders." *Id*. at 699.

3. The analysis set out in *Seven Seas* and *In re Dexterity Surgical* has been adopted by Judge Sim Lake in the *SBMC Healthcare* case, *McVey v. Johnson (In re SBMC Healthcare, LLC),* No. 16-2947, 2017 U.S. Dist. LEXIS 71848 (S.D. Tex. 2017).  In that case malpractice allegations established a direct duty to the plaintiffs, and damages that were personal to the plaintiffs and not shared by others, and thus not derivative.

## II.    OTHER RESPONSES

4. Curtis Burton can prevail without showing an injury to Buccaneer. The cause of action for tortious interference in Texas only requires proof of a contract, interference by the defendant, causation, and damages. *See Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 211 (Tex.

1996) (setting forth the elements of a claim for tortious interference). There is no requirement for injury to Buccaneer. There is no requirement for direct representations to the plaintiff by the defendant. There is no requirement that the Buccaneer board acted in bad faith. Any argument by Meridian that Curtis Burton's claim is contingent on a showing of injury to Buccaneer or bad faith of the Buccaneer board is misplaced.

5. It is true that Curtis Burton's pleading discusses Meridian's tortious conduct toward Buccaneer, and that Burton's claims against Meridian and Buccaneer's claims against Meridian all spring from the same nucleus of operative fact, but it is "…a well accepted principle that a direct and derivative action may be maintained out of the same set of facts." *In re Dexterity Surgical, Inc.,* 365 B.R. at 697; *see also Highland Capital Mgmt. LP v Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.),* 522 F.3d 575, 585 (5th Cir. 2008). This does not somehow make Burton's claims contingent on injury to Buccaneer.

6. Appellants/Cross-Appellees say that Burton's injury is not based on any legal duty that Meridian or the Branta parties owed to him (at page 5 of their brief), but that is just flat wrong. Meridian and the Branta parties had the same duty to not wrongfully interfere with his employment contract that any other third party to that contract would have. Meridian cannot hide behind the Debtors' rights by making a grand policy argument that bankruptcy settlements will somehow be chilled by allowing Burton's claims to go forward. A non-debtor party like Meridian, whether secured lender or otherwise, is not suddenly sheltered from its tortious conduct toward non-settling parties simply because it has settled with the debtor for any tort claims the debtor may have.

### III.   CONCLUDING REMARKS

7. At the recent hearing the Court asked if provision had been made for Burton in the Trustee's settlement with Meridian. In fact the Trustee's claims against Burton were specifically

reserved and not released.  Burton was not a party to the settlement with Meridian.  Burton has now been sued by the trustee for over $100 million in an obvious effort to collect from the Debtors' D&O liability policies.  The public bankruptcy record shows that Meridian's agents were allowed to credit bid and take the producing properties.  When Appellants talk about "sound judicial and reorganization policy" in their brief at page 7, they should be required to balance all these interests as well.

DATED: November 30, 2017.

    Respectfully submitted,

    **LAW OFFICE OF RICHARD SCHECHTER, P.C.**

    By: */s/Richard Schechter*
        Richard Schechter
        State Bar No. 17735500
        Federal Admission No. 1278
        1 Greenway Plaza, Suite 740
        Houston, Texas 77046-0102
        713-623-8919
        713-622-1680/Fax
        richard@rs-law.com

    **AND**

    **STACY & BAKER, P.C.**

    By:*/s/Chris A. Stacy*
        Chris A. Stacy (attorney-in-charge/lead counsel)
        chris.stacy@stacybakerlaw.com
        State Bar No. 18988700
        Federal Admission No. 1779
        Brian A. Baker
        brian.baker@stacybakerlaw.com
        State Bar No. 24082648
        Federal Admission No. 1829620
    1010 Lamar Street, Suite 550
    Houston, Texas 77002
    Ph: 713-527-9991 | Fx: 713-527-9992

    **ATTORNEYS FOR APPELLEE/CROSS-APPELLANT CURTIS BURTON**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2017, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF filing system on all parties of record.

Tom Kirkendall
State Bar No. 11517300
Law Office of Tom Kirkendall
2 Violetta Ct.
The Woodlands, Texas 77381-4550
281.364.9946
888.582.0646 (fax)
bigtkirk@kir.com

**ATTORNEY FOR APPELLANTS AND CROSS-APPELLEES MERIDIAN CAPITAL CIS FUND AND MERIDIAN INTERNATIONAL FUND**

Josh W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
713.222-6000
713.228-1331 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**ATTORNEYS FOR APPELLANTS AND CROSS-APPELLEES FRED M. TRESCA, RANDY A. BATES, AND BRANTA II, LLC**

*/s/Brian A. Baker*
Brian A. Baker